**FILED**

SEP 13 2013

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| *John* ~~JONATHAN~~ COON,<br>1642 Lloyd Road<br>Charles Town, WV 25414<br><br>      Plaintiff,<br><br>      vs.<br><br>EDWARD WOOD,<br>BROOK MEYER, and<br>CITY HOUSES LLC,<br>1906 18th St NW,<br>Washington, DC 20009<br><br>      Defendants. | Civil Action No.<br><br><br><br>Case: 1:13-cv-01400<br>Assigned To : Howell, Beryl A.<br>Assign. Date : 9/13/2013<br>Description: Contract |

## COMPLAINT

Plaintiff ~~Jonathan~~ *John* Coon ("Plaintiff"), pro se, alleges the following:

### I.  INTRODUCTION

1.    This action for damages arises out of a transaction between Plaintiff and defendants Edward Wood, Associate Broker at City Houses D.C. ("Wood"). Brooke Meyer, owner of City Houses D.C. ("Meyer"), and City Houses D.C. ("City Houses" and, together with Wood and Meyer, "Defendants"). Defendants breached statutory and fiduciary duties to Plaintiff in connection with a mortgage transaction on Plaintiff's property, located at 710 Maryland Avenue NE, Washington D.C., 20002 (the "Prpoerty").

### II.  JURISDICTION AND VENUE

2.    Plaintiff is an individual residing in Charles Town, West Virginia.

3.    At all times relevant hereto, defendant City Houses is and has been a limited liability company registered and licensed to do business as a real estate agency in the District of Columbia with its principal place of business in the District of Columbia.

4. At all times relevant hereto, defendant Meyer is and has been the principal broker of City Houses and is a resident of the District of Columbia.

5. At all times relevant hereto, defendant Wood is and has been employed as an associate broker by City Houses and is a resident of the District of Columbia.

6. The acts complained of concern the Property which is located in the District of Columbia.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because parties to the action are citizens of different States and the amount in controversy exceeds $7500.

8. Venue is properly in this district court pursuant to 28 U.S.C. §§ 1332 (b)(1), (2) because defendants, and each of them, reside in this district and a substantial part of the events or omissions giving rise to this action took place in the District of Columbia.

## GENERAL ALLEGATIONS

9. In or about 2000, Plaintiff purchased and thereafter held the Property for investment purposes. His real estate broker for this purchase was defendant Wood.

10. In or around 2010, Plaintiff decided to sell the Property and use the proceeds to purchase a working farm. Plaintiff's intent was to use the farm for investment and business purposes. Plaintiff located a farm in Charles Town, West Virginia (the "Farm"), and entered into a purchase agreement that allowed him 90 days to finance the purchase.

11. Plaintiff sought Wood's representation to sell the Property in order to finance the purchase of the Farm. Plaintiff specifically asked Wood if the sale of the Property could be accomplished in a way to avoid any capital gains on the Property. Wood stated to Plaintiff that the initial purchase of the Property had been a "Starker Exchange," which Wood claimed would prevent Plaintiff from avoiding the capital gains tax on the sale of the Property.

12. In fact, under 26 U.S.C. § 1031 ("Section 1031"), a property held for investment or productive use can be exchanged for a like kind property without recognition of capital gains or losses. This transaction is referred to colloquially as a "Starker Exchange." For purposes of Section 1031, the Property and the Farm would have qualified as like-kind.

13. Plaintiff relied on Wood's representations regarding the tax implications of the sale of the Property because Wood had been Plaintiff's agent in the original purchase of the Property and Wood held himself out as a broker and agent competent and knowledgeable in the purchase and sale of real property for investment purposes. In reliance on Wood's statement, Plaintiff proceeded with the sale of the Property without implementing the appropriate transaction to qualify as a Section 1031 exchange. On September 14, 2010, Plaintiff completed the sale of the Property. In the transaction, Plaintiff received a check made out to Plaintiff in the amount of $545,000 ("Property Funds") from the purchaser. Plaintiff applied part of Purchase Funds within 180 days to the purchase of the Farm and used the remainder for improvements on the Farm.

14. By accepting the funds for the sale of the Property personally, the transaction did not comply with the requirements of a Section 1031 Exchange. A few months later, is or around April 2011, Plaintiff went to his accountant at H&R Block to file his taxes for 2010. At this time, he discovered that his capital gains from the sale of the Property were subject to tax the Property sale was taxable in its entirety, and he now owed capital gains tax in an amount in excess of $75,000.

15. Plaintiff did not have the funds to pay this tax as of April 2011, and has and continues to accrue penalties and interest for late payment of the tax.

### FIRST CAUSE OF ACTION

(Breach of Contract v. Defendants)

16. Plaintiffs incorporate Paragraphs 1-14 of this Complaint by reference as if fully set forth herein.

17. Plaintiff and defendants, by and through Wood were parties to written brokerage agreement (the "Agreement") whereby Defendants undertook to properly represent Wood's interests in the sale of the Property. The sale of the Property was formalized in a written agreement that expressly provides for attorney's fees in the event of litigation of a dispute in which the Broker is made a party.

18. Defendants breached the Agreement by failing to structure the sale of the Property as a Section 1031 Exchange.

19. As a result of Defendants' breach, Plaintiff was damaged.

20. Plaintiff seeks to obtain actual damages, consequential damages, attorney's fees and costs as set forth below.

## SECOND CAUSE OF ACTION

(Negligent Misrepresentation v. Defendants)

21. Plaintiff incorporates Paragraphs 1-19 of this Complaint by reference as if fully set forth herein.

22. Wood is an associate broker of City Homes, whose principal broker is Meyer. In 2010, Plaintiff retained Wood for the sale of the Property, which Wood knew Plaintiff owned for investment purposes. In connection with the listing, Plaintiff revealed that he had entered into an agreement to purchase the Farm for investment and productive usage. Plaintiff expressly asked Wood whether the sale of the Property could be done in a way to avoid capital gains tax. Wood stated to Plaintiff that the purchase of the Property as a "Starker Exchange" in 2000 barred another exchange in 2010.

23. In fact, this representation was false, under "Section 1031", a property held for investment or productive use can be exchanged for a like kind property without recognition of capital gains or losses. Purchase of the Property as a Section 1031 exchange does not bar a subsequent exchange. For purposes of Section 1031, the Property and the Farm would have qualified as like-kind.

24. Wood, knew, or should have known that a Section 1031 Exchange was possible.

25. In reasonable reliance on Wood's misrepresentation, Plaintiff proceeded with the sale of the Property in a form of transaction that did not qualify as a Section 1031 exchange.

26. As a result of this reliance, Plaintiff was damaged in that he was unable to receive the capital-gains tax exemption and now owes capital gains tax on the sale of the Property. Plaintiff did not have the funds to pay this tax, so interest and penalties have and continue to accrue on this tax. Plaintiff is entitled to actual damages, consequential damages, and costs.

## THIRD CAUSE OF ACTION

(Breach of Fiduciary Duty v. Defendants)

27. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-25 herein.

28. Under the terms of Plaintiff and Defendants' brokerage agreement, Defendants undertook the role of agent for Plaintiff in the sale of the Property. Defendants thereby assumed a fiduciary duty toward Plaintiff to undertake these tasks with reasonable competence and due care, in good faith, and in the best interest of Plaintiff. Furthermore, with this fiduciary duty came a responsibility to provide Plaintiff with accurate advice regarding the sale of the Property.

29. Defendants knew of their fiduciary duty and accepted fees from the sale of the Property.

30. Defendants breached their fiduciary duty by failing to either notify Plaintiff of the tax-exemption or taking the necessary steps to create a like-kind exchange to qualify for the 1031 tax exemption itself. As a result, Plaintiff was denied the right to exchange the Property and the farm under the Starker exchange, owing the IRS money that could have been avoided.

31. By breaching their fiduciary duty, Defendants damaged Plaintiff. Accordingly, Defendants' breach entitles Plaintiff to actual damages, consequential damages, and costs. Plaintiff is also entitled to punitive damages because Defendants acted with willful disregard for Plaintiff's rights.

## FOURTH CAUSE OF ACTION

(Violation of the D.C. Code §§ 42-1701, *et seq.*)

32. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-30 herein.

33. By failing to disclose to Plaintiff that the sale of the Property could and should be structured as a qualifying Section 1031 exchange, Defendants breached their duties as real estate brokers under D.C. Code §§ 42-1701, *et seq*

34. As a result of Defendants' breach, Plaintiff sold the Property without structuring the transaction as a Section 1031 Exchange, Defendants' received a commission on the sale, and the sale subjected Plaintiff to capital gains taxes.

35. As a result of Defendants' commission of prohibited acts, Plaintiff suffered damages. Accordingly, Plaintiff seeks damages and a judgment of statutory violation by this Court.

WHEREFORE, Plaintiff requests as follows:

1. That the Court grant the relief requested in each Count herein;

2. That the Court award Plaintiff actual, compensatory, consequential, and punitive damages in an amount to be established at trial;

3. That the Court award Plaintiff attorney's fees and costs incurred in this action under applicable law;

4. That the Court enter final judgment that the violations of law as set forth in this Complaint have occurred;

5. That the Court grants any such other further relief as the Court deems just and proper.

DATED: 7-13-13

By _____
JONATHAN COON
1642 Lloyd Road
Charles Town, WV 25414

6